STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro *Se*

FILED
2025 AUG 11
CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN HUBER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, et. al.<br><br>Defendants. | **PLAINTIFF'S OBJECTION TO NOTICE OF APPEARANCE [32 AND 33] AND RULE 12(f) MOTION TO STRIKE**<br><br>Case No: 2:25-cv-00592 – TS - CMR<br><br>Judge: Ted Stewart |

## I.   INTRODUCTION

COMES NOW, Plaintiff pro *se*, Steven Huber, and hereby objects to the Notice of Appearance (ECR 32 and 33) regarding the Defendants being sued in their individual capacities and being represented by Assistant U.S. Attorneys. Plaintiff asserts that the U.S. Attorneys have no authority to represent them pursuant to 28 CFR § 50.15, and that this unauthorized representation, using taxpayer funds, is improper and, under the circumstances, presents a scandalous appearance. Therefore, Plaintiff respectfully moves this Court under Rule 12(f) of the Federal Rules of Civil Procedure (FRCP) to strike the Notice of Appearances (ECR 32 and 33). Plaintiff also seeks an order in the nature of mandamus, pursuant to 28 U.S.C. § 1361, to compel

the appropriate officer or employee of the United States to perform their duty by withdrawing the unauthorized representation and ensuring compliance with applicable regulations.

## II. LEGAL BASIS FOR MOTION

1. **Equal Protections Considerations:** The Fourteenth Amendment guarantees equal protection under the law. This principle dictates that similarly situated individuals should be treated alike. Private citizens sued in their personal capacities for causing injury do not have a right to taxpayer-funded legal representation. Similarly, individuals sued for actions outside the scope of their official duties, acting in a non-governmental capacity, are not entitled to government-funded legal defense. Providing taxpayer-funded counsel to the Defendants, who are sued in their individual capacities for actions outside of their official role, would be preferential treatment and violate the Equal Protection Clause. The Defendants should not have a right to taxpayer-funded "counsel" under the law.

2. **Lack of Authority and Improper Representation:** A Federal employee sued in his individual capacity, when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the best interest of the United States, may be provided representation in a civil, criminal and Congressional proceeding pursuant to 28 CFR §50.15(a). In this case, Defendants acted beyond their authority under official right, using extortion and threat of robbery to coerce Plaintiff into participating in the Bureau Land Management Right-of-Way Program and therefore may not be represented at taxpayer expense.

3.      **Criminal Implications and Mandated DOJ Procedure:** The Defendants named in their individual capacities are seeking representation from the Department of Justice (DOJ) in a civil proceeding involving potential criminal investigations or charges related to the same conduct. According to 28 CFR § 50.15(a)(5), the DOJ's litigation division must contact the designated official in the Criminal Division rather than notify this Court of their representation. The Plaintiff's claims under 18 U.S.C. § 1964 seek civil remedies for actions such as extortion and threats of robbery. However, these actions also carry criminal penalties under 18 U.S.C. § 1963. Consequently, the Defendants, acting outside their official capacity under official right, are not entitled to taxpayer-funded legal representation in this matter, rather they should be reported to the Criminal Division for an investigation.

> (5) Where representation is sought for proceedings other than federal criminal proceedings, but there appears to exist the possibility of a federal criminal investigation or indictment relating to the same subject matter, the litigating division shall contact a designated official in the Criminal, Civil Rights or Tax Division or other prosecutive authority within the Department (hereinafter "prosecuting division") to determine whether the employee is either a subject of a federal criminal investigation or a defendant in a federal criminal case. An employee is the subject of an investigation if, in addition to being circumstantially implicated by having the appropriate responsibilities at the appropriate time, there is some evidence of his specific participation in a crime.

Quoting 28 CFR § 50.15(a)(5).

4.      **Declaratory Judgment Regarding the Scope of Duty and Right to Counsel (28 U.S.C. § 2201)**: The Plaintiff respectfully requests that this Court, pursuant to 28 U.S.C. § 2201, exercise its authority to issue a declaratory judgment clarifying that the Defendant federal employees, by engaging in the conduct alleged in the Complaint, acted outside the scope of their official duties and under color of law. As a result of these actions, Plaintiff requests that the Court declare that the Defendant federal employees do not have a right to taxpayer-funded legal

representation. Further, the Plaintiff asks the Court to order that the Defendants, in their individual capacities, are precluded from being represented by Assistant U.S. Attorneys and must conduct their defense personally or retain private counsel.

5.    **Mandamus Relief (28 U.S.C. § 1361):** In addition to the other grounds for relief asserted herein, Plaintiff seeks an order in the nature of mandamus pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here, the Plaintiff contends that the Assistant U.S. Attorneys have a clear, nondiscretionary duty to comply with 28 C.F.R. § 50.15 and refrain from providing unauthorized legal representation to the Defendants in their individual capacities at taxpayer expense. The Plaintiff further contends that the Defendants in a supervisory position over the U.S. Attorneys (the U.S. Attorney General) is failing to enforce that policy. This unauthorized representation deprives the Plaintiff of his rights and undermines the integrity of the legal process. Therefore, mandamus relief is appropriate to compel the responsible U.S. Attorney to withdraw the Notice of Appearance and ensure adherence to applicable regulations.

### III.    FACTUAL BACKGROUND

6.    The Defendants threatened to initiate trespass proceedings if the Plaintiff did not participate in the Bureau of Land Management (BLM) Right-of-Way Program and pay a fee of $3,618. These actions, designed to coerce Plaintiff's participation constitute extortion under 18 U.S.C. § 1951, which seeks to relinquish his property rights, which are valuable assets and a source of wealth. They also stated that non-compliance would result in the removal of the Plaintiff's easement access to his land constituting threat of robbery under 18 U.S.C. § 1951

(ECF 01-8). Despite informing Ms. Rice and Ms. Berndt that they lacked authority to represent the Defendants in their individual capacities under 28 CFR § 50.15 (ECF 25-2), they ignored this guidance thereby acting at the expense of taxpayers.

## IV.    Argument and Authority

7.      **The Foundation of Judicial Review**: The fundamental principle of judicial review, established by *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), affirms that it is the duty of the courts to interpret the law and ensure that executive and administrative actions comply with the Constitution and statutory authority. Under this doctrine, courts have the authority—and indeed the obligation—to scrutinize actions by government officials to determine whether those actions are within the bounds of their legal authority.

8.      **Defendants' Actions Exceed Official Authority:** In this case, the Defendants acted beyond their official authority, engaging in coercive and threatening conduct to force the Plaintiff into participating in the BLM Right-of-Way Program and paying an exorbitant fee. Such actions, especially when they involve threats of trespass proceedings and property seizure, violate statutory restrictions and constitutional principles. Specifically, under 28 U.S.C. § 2201, the courts possess original jurisdiction to declare the rights and other legal relations of any interested party—as is the case here. The Court should determine whether the Defendant employees of the United States acted within the scope of their office and whether they meet the criteria to be represented at taxpayer expense.

9.      **Ensuring Constitutional Compliance:** Furthermore, under the authority of *Marbury*, this Court must ensure that administrative and governmental actions are valid and within the scope of statutory and constitutional bounds. As reaffirmed in *Marbury*, the power of

judicial review serves as a necessary check on unlawful exercise of executive authority,

particularly when such conduct infringes upon individual rights or exceeds delegated powers.

10. **The Scandalous Misuse of Taxpayer Funds to Shield Unlawful Conduct:** The

Plaintiff's primary motivation in bringing this civil action extends beyond seeking individual

justice; it is to deter similar abuses of power and misconduct in the future. To allow Defendants

to be shielded by taxpayer-funded legal representation in this case would be a perversion of

justice. It would send a clear message that public officials can engage in extortion, threats of

robbery, and other unlawful actions with impunity, knowing that their legal defense will be paid

for by the very taxpayers they have wronged. Such a precedent would embolden them and others

in similar positions to continue engaging in unlawful conduct without consequence, undermining

the rule of law, eroding public trust in government, and incentivizing abuse of authority. It is

unconscionable to compel taxpayers to fund the defense of officials accused of victimizing them.

This court must determine that public employees cannot violate individual rights with no

consequences of their actions.

11. **Ignoring Regulatory Requirements and Unlawful Conduct (Justification for**

**Judicial Intervention):** Here, the actions of the Defendants—threatening trespass proceedings,

property removal, and extortion—are statute- and regulation-driven violations that cannot be

justified under their official jurisdiction. The Department of Justice and other prosecutive

divisions within the Department of Justice are required to follow proper protocol—including

notifying this property authorities in accordance with 28 CFR § 50.15(a)(5)—yet the Defendants

ignored these requirements, engaging instead in unlawful representation of the Defendants sued

in their individual capacity. This conduct demonstrates a blatant disregard for the limits of their

authority, warranting judicial intervention and a declaration that their actions are outside the scope of their lawful powers.

## V.  Conclusion

12.     In sum, the Plaintiff has demonstrated that the Defendants acted outside their authority and engaged in coercive conduct, and that the Assistant U.S. Attorney have improperly used taxpayer funds to defend these actions, circumventing DOJ protocol under 28 CFR § 50.15. As *Marbury v. Madison* underscores, the need to prevent administrative malfeasance, this Court should grant the motion to strike the Notice of Appearance and declare that the Defendants are not entitled to taxpayer-funded counsel.

## VI.     REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests:

13.     Declaratory relief holding that Defendants actions were outside the scope of their employment, carried out under color of law and official right, and that the taxpayer-funded representation is unauthorized under 28 CFR § 50.15(a).

14.     Declare that because Defendants received unauthorized representation from the U.S. Attorney, the Defendants are subject to 28 U.S.C. § 1654, a U.S. code that states parties may plead and conduct their own cases personally or by counsel. With this code in mind, those Defendants must get their own private counsel or defend themselves.

15.     Order the Defendants to reimburse the United States for all attorney fees and costs incurred because of the unauthorized representation by the U.S. Attorney's Office up to the date of this Court's ruling or when they get their own private counsel, whichever occurs first.

16.     Order the U.S. Attorney's Office to comply with 28 CFR § 50.15(a)(5) and contact a designated official in the Criminal Division to determine whether the Defendant employees should be subjects of a federal criminal investigation.

17.     Order the Assistant U.S. Attorney General, to immediately file a notice of withdrawal of counsel for Defendants sued in their individual capacity— Elijah Waters, Patrick Ahrnsbrak, Gerald Kenczka, and Rene Arce.

18.     Declare that the conduct of Assistant U.S. Attorneys Anne Rice and Amanda Berndt in this case has unreasonably and vexatiously multiplied the proceedings, compelling Plaintiff to file this motion despite having been explicitly informed that they lacked the authority to represent the Defendants sued in their individual capacities (ECF 25-2). As such, this Court should impose sanctions against Rice and Berndt pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

19.     Order the Assistant U.S. Attorneys Anne Rice and Amanda Berndt to issue a public apology to the American People (e.g., taxpayers) for providing legal representation to Defendants not covered by 28 CFR § 50.15.

20.     Order the immediate production of all communications—including but not limited to phone records, text messages exchanged through any and all applications, emails, letters, memoranda, meeting minutes, and notes, regardless of form or medium—between the Assistant United States Attorneys and any employee of the U.S. Government regarding the decision to

enter Defendants' Notice of Appearance on Behalf of Individual Defendants (ECR 32 and 33).

This production must include communications reflecting:

(a) The rationale, justification, or basis for the representation;

(b) The authority of the Assistant U.S. Attorneys to represent the Defendants sued in their

individual capacity;

(c) The use of taxpayer funds for the representation.

26.    Grant such other relief as the Court deems proper and just.

## VII.    REPRESENATIONS TO THE COURT (Rule 11)

I HEREBY CERTIFY that, under Federal Rule of Civil Procedure 11 and applicable local

rules, the foregoing motion and memorandum in support is presented in good faith, for proper

purposes, and based on existing law and factual support, and that to the best of my knowledge,

information, and belief, formed after reasonable inquiry, the statements contained herein are true

and correct.

Dated: August 11, 2025

Respectfully submitted,

  /s/ Steven Huber

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro Se

**Certificate of Service**

I hereby certify that on this 11th day of August, 2025, I electronically filed the

PLAINTIFF'S OBJECTION TO NOTICE OF APPEARANCE [32 AND 33] AND MOTION

FOR DECLARATORY AND MANDUMIS RELIEF with the Clerk of the Court under the filing

and electronic notification procedures outlined under DUCivR 5-1, which will send notification

of such filings to all registered participants in this case.

Additionally, I certify that I caused a true and correct copy of the document to be served

by mailing it pursuant to Federal Rules of Civil Procedure 5(b)(2)(c) to the following address,

intended for both the U.S. Attorneys and the Defendants for whom they have entered an

appearance:

U.S. Attorney General – District of Utah
Anne E. Rice
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Anne.Rice@usdoj.gov

U.S. Attorney General – District of Utah
Amanda A. Berndt
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Amanda.Berndt@usdoj.gov

Executed on this 11th day of August 2025.

/s/ Steven Huber

STEVEN HUBER
138 East 12300 South
C275
Draper, Utah 84020
801-688-3594
traciehalvorsen@outlook.com
Plaintiff Pro *Se*