IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HUBER,<br><br>                      Plaintiff,<br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS<br><br>Case No. 2:25-cv-00592-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on *pro se* Plaintiff Steven Huber's Objection to the Magistrate Judge's Order granting Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction (Docket No. 30); Objection to the Magistrate Judge's Order granting Motion for Hearing and Stay of Briefing Deadlines (Docket No. 39); Objection to the Magistrate Judge's Order granting Defendants' Motion for Extension of Time to Answer (Docket No. 56); and Objection to the Clerk entering a Stay following General Order 25-005 issued in the District of Utah (Docket No. 57). For the reasons discussed below, the Court will overrule the Objections.

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a magistrate judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard. In reviewing a magistrate judge's nondispositive order, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[1] "The clearly erroneous standard . . . requires that the reviewing court affirm

---

[1] Fed. R. Civ. P. 72(a).

unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2] The Court has carefully reviewed the Magistrate Judge's Orders, the general stay entered in this case pursuant to General Order 25-005, and Plaintiff's Objections thereto. The Court will overrule each Objection as detailed below.

*a. Objections to the Order Granting Extension of Time to Respond to the Preliminary Injunction and the Order Granting Hearing and Stay of Briefing Deadlines (Docket Nos. 30, 39)*

Plaintiff objects to both Orders on the grounds that the Magistrate Judge lacks the authority to enter such orders. The Court will overrule the Objections as moot. Regardless, Plaintiff's argument is without merit as the Magistrate Judge's authority to rule on nondispositive motions, including extensions of time, is properly exercised pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and DUCivR 72-1(b).

*b. Objection to the Order Granting Extension of Time to Answer (Docket No. 56)*

Plaintiff first argues that Defendants' assertion of improper service was intended to create an artificial basis for delay. This argument lacks merit. Defendants did not ask for an extension on the grounds of improper service, nor was the extension granted on that basis. Rather, the extension was granted pursuant to Federal Rule of Civil Procedure 6(b)(1) "for good cause."[3] The Tenth Circuit has held this rule "should be liberally construed."[4] Therefore, the Magistrate Judge's finding that good cause existed for the extension was not "clearly erroneous" or "contrary to law."

---

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3] *See* Docket No. 51, at 2 (asking for an extension due to "counsels' caseloads, briefing deadlines in other matters, and hearing schedules").

[4] *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

Second, Plaintiff again argues that the Magistrate Judge lacks authority to grant the extension. This argument is rejected for the same reason as already discussed above. Third, the Court is wholly unpersuaded by Plaintiff's unsupported assertion that the actions of the Magistrate Judge have created an appearance of impropriety, that Plaintiff's right to due process has been undermined, or that granting the extension will inflict undue prejudice.

Accordingly, because the Magistrate Judge's Order granting the extension is not "clearly erroneous" or "contrary to law," the Court overrules the Objection.

*c. Objection to the Clerk's Entry of Stay (Docket No. 57)*

Plaintiff objects to the entry of stay in this case on the grounds that the clerk who entered the stay lacks the judicial authority to do so. However, the case was stayed pursuant to General Order 25-005 issued by Chief Judge Parrish which, absent some exceptions, stayed every civil case in the District of Utah in which the United States is a party due to the lapse in federal appropriations. The clerk who entered the stay on the docket did so in a purely administrative capacity. Accordingly, the Court overrules Plaintiff's Objection.

DATED November 19, 2025

BY THE COURT:

_____
Ted Stewart
United States District Judge