IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HUBER,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINITFF'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00592<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on a Report and Recommendation issued by the Magistrate Judge[1] regarding Plaintiff's Motion for Summary Judgment[2] and Defendants' Motion to Dismiss,[3] Plaintiff's objections thereto,[4] and Plaintiff's Motion to Accept Objections to the Report and Recommendation as Timely.[5] Having conducted a de novo determination regarding the portions of the Report and Recommendation to which Plaintiff objected, and having reviewed the motions and briefing, the Court will adopt the Magistrate Judge's Report and Recommendation in full and overrule the objections for the reasons discussed herein.

//

[1] Docket No. 73.

[2] Docket No. 61.

[3] Docket No. 63.

[4] Docket No. 74.

[5] Docket No. 75.

## I. BACKGROUND

As detailed by the Magistrate Judge in her Report and Recommendation (the "R&R"), pro se Plaintiff Steven Huber is the owner of certain real property (the "Property"). The Property was conveyed to Plaintiff's predecessor-in-interest via certain land patents (the "Farnsworth Patents") from the United States as a part of the Homestead Act of 1862. Plaintiff alleges that the Property is landlocked, resulting in a lack of reasonable access. Lapoint Road is a nearby public road. Plaintiff constructed a road connecting the Property to Lapoint Road (the "Access Road"), which crosses federal land.

Plaintiff asserts he has a valid easement to and seeks a declaratory judgment regarding his title and interest in the Access Road under the Quiet Title Act ("QTA").[6] Plaintiff also alleges violations of various constitutional rights and seemingly seeks relief for those alleged violations exclusively through the Racketeer Influenced and Corrupt Organizations ("RICO") Act,[7] although the exact nature of Plaintiff's claims is unclear, as discussed below.

Plaintiff filed his Complaint[8] on July 21, 2025, against the United States Government, United States Department of the Interior, Bureau of Land Management ("BLM"), and against the following individuals in their official and individual capacities: Elija Waters, Patrick Ahrnsbrak, Gerald Kenzczka, and Rene Arce. On November 11, 2025, Plaintiff filed a Motion for Summary Judgment.[9] On December 12, 2025, Defendants filed a Motion to Dismiss.[10] This matter was

---

[6] 28 U.S.C. § 2409a.

[7] 18 U.S.C. § 1961, *et seq*.

[8] Docket No. 1.

[9] Docket No. 61.

[10] Docket No. 63.

referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[11] The Magistrate Judge issued a Report and Recommendation on August 5, 2026. Plaintiff filed his Objections to the R&R on August 20, 2026.

The Magistrate Judge recommends that the Court grant Defendants' Motion and deny Plaintiff's Motion without prejudice. Regarding Plaintiff's Motion, the Magistrate Judge concludes that Plaintiff "has not established on a properly developed evidentiary record that there is no genuine dispute of material fact or that he is entitled to judgment as a matter of law."[12] Regarding Defendants' Motion, the Magistrate Judge concludes that "none of the four theories identified in the Complaint are sufficient to plausibly allege a claim under the QTA."[13] Additionally, the Magistrate Judge concludes that Plaintiff's RICO claim against the United States and named individuals in their official capacities is barred by sovereign immunity, and that Plaintiff fails to sufficiently plead predicate acts against the named individuals in their personal capacities.

## II. STANDARD OF REVIEW

In resolving objections to a magistrate judge's findings and recommendations for dispositive motions, the district judge must make a "de novo determination of those portions of the . . . recommendation[] to which objection is made."[14] In conducting a de novo review,

> a court should make an independent determination of the issues; it is not to give any special weight to the prior determination. . . . The district judge is free to follow

---

[11] Docket No. 19.

[12] Docket No. 73, at 10.

[13] *Id*. at 19.

[14] 28 U.S.C § 636 (b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).

> a magistrate [judge's] recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.[15]

## III. DISCUSSION

### *a. Timeliness of Objections*

Within fourteen days of being served a copy of a report and recommendation, any party may serve and file written objections.[16] The Magistrate Judge's R&R was issued on August 5, 2026, and thus objections were due August 19. Plaintiff filed his objections on August 20, 2026. Plaintiff also filed a Motion to Accept Objections as Timely,[17] wherein he asks the Court to excuse strict compliance with the fourteen-day window pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). That rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Extension under such circumstances requires a court to determine whether the failure to meet the deadline was due to excusable neglect and that good cause exists.[18] Courts consider the following four factors in determining excusable neglect: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay . . .; and (4) whether that party has acted in good faith."[19] Good cause "is usually occasioned by something that is not within the control of the movant."[20]

---

[15] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks and citation omitted).

[16] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

[17] Docket No. 75.

[18] *Utah Repub. Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017).

[19] *Id*. at 701 n.2 (internal quotation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)).

[20] *Id*. at 700–01 (internal quotation marks and citation omitted).

Plaintiff's filing was made at 12:00 AM on August 20, only one minute after the deadline. Plaintiff represents to the Court that he relies on his daughter, Tracie Halvorsen, as a "transmission assistant" who was unavailable due to medical reasons. He also states that there was a technical PDF conversion issue. Based on those representations, the Court finds that good cause and excusable neglect exists, and will consider the objections as timely.

*b. Preliminary Objections*

Plaintiff objects to the entire R&R and argues that the Magistrate Judge should be disqualified under 28 U.S.C. §§ 445(a) and (b)(1) because Plaintiff is suing her in a separate action alleging violations of the RICO Act. It has long been established that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him."[21] Thus at its current posture, the Court finds that Plaintiff's separate action against the Magistrate Judge is an insufficient basis for disqualification under § 445, and will overrule the objection.

Plaintiff also objects to the Magistrate Judge's authority under 28 U.S.C. § 636(b)(1)(B) and argues that she was not authorized to rule on nondispositive matters, and that § 636(b)(1)(A) forbids a Magistrate Judge from hearing dispositive motions. This matter was initially assigned to the Magistrate Judge pursuant to DUCivR 72-3(b)(1)(A). However, upon Plaintiff filing his Motion for Preliminary Injunction, the matter became ineligible for consent under DUCivR 72(b)(2)(A), and the case was assigned to this Court.[22] Where a case initially referred under section 72-3(b)(1)(A) in which consent is not obtained, "the Clerk's Office will . . . enter an

[21] *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) *cert. denied*, 435 U.S. 954 (1978); *see Kinnell v. Vratil*, No. 09-3057-RDR, 2009 WL 1360103, at *2–4 (D. Kan. May 14, 2009) (collecting cases); *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge.").

[22] Docket Nos. 18, 19.

automatic referral under 28 U.S.C. § 636(b)(1)(B)."[23] Under § 636(b)(1)(B), a magistrate judge may issue recommendations of any dispositive motions and determine any preliminary matter.[24] Accordingly, the Court will overrule the objection.

Plaintiff also objects to portions of the R&R and argues the Magistrate Judge improperly concluded that a certain road (the "Canal Road") was usable without holding an evidentiary hearing and that it was otherwise a question a fact improperly resolved at the motion to dismiss stage.[25] The Court will overrule the objection.

Under the QTA, "[t]he complaint [must] set forth with particularity the nature of the right, title, or interest which the Plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."[26]

One of Plaintiff's theories supporting his interest in the Access Road is an implied easement by necessity, which among other things, requires that Plaintiff plead sufficient facts that Plaintiff cannot access his property absent the Access Road. The Magistrate Judge noted that the Complaint alleges that Plaintiff's property is connected by the Canal Road, and also alleges that such road is a "Class D Road." Under state law, a Class D Road is "for usage by the public for vehicles with four or more wheels."[27] The Magistrate Judge found that the facts pled in the Complaint fail to sufficiently allege that the Canal Road cannot be used by Plaintiff to access his property, and thereby failed to plausibly allege an implied easement by necessity. Contrary to Defendants' contention, then, the Magistrate Judge did not find that the road canal was usable,

---

[23] DUCivR 72-3(d)(2)(A).

[24] *See also* DUCivR 72-1(c).

[25] *See* Fed. R. Civ. P. 12(b)(6).

[26] 28 U.S.C. § 2409a(d).

[27] Utah Code Ann. § 72-3-105(1).

but rather that Plaintiff failed to plausibly allege that it was unusable. The Court will therefore overrule the objection.

*c. Objection to the Denial of Plaintiff's Motion for Summary Judgment*

Plaintiff objects to the denial of his Motion for Summary Judgment for various reasons. The Court will address each in turn.

First, the Magistrate Judge determined that Defendants' failure to respond to Plaintiff's Motion, alone, does not establish that Plaintiff is entitled to summary judgment, and that Plaintiff still bears the burden of supporting his factual assertions with evidence demonstrating the absence of a genuine dispute of a material fact. Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] Where a party fails to respond to another party's assertion of fact, the court "*may* . . . consider the fact undisputed for purposes of the motion."[29] Thus, Plaintiff's argument that the Magistrate was required to accept Plaintiff's asserted facts as true is in for purposes of his Motion is incorrect.

More importantly, as explained in the R&R, the failure to respond to a motion for summary judgement does not relieve the movant of his burden of demonstrating the absence of a genuine issue of material fact through admissible evidence. Therefore, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[30] "If the evidence produced in support

---

[28] Fed. R. Civ. P. 56(a).

[29] *Id*. 56(e)

[30] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'"[31] Plaintiff's argument that his summary judgment motion should have been granted merely because Defendant failed to respond is, therefore, contrary to well-established precedent. The Magistrate Judge correctly required Plaintiff to meet his burden under Rule 56. The Court therefore overrules this objection.

Next, the Magistrate Judge found that Plaintiff failed to submit an appendix of evidence and cite, with particularity, the evidence supporting each factual assertion, and declined to sift through Plaintiff's Motion to discern whether there are disputes of material fact pursuant to *Munoz v. St. Mary-Corwin Hospital*.[32] DUCivR 56-1(b)(3) and (e) requires that the moving party file an appendix of evidence and "cite with particularity [to the evidence therein] that supports each factual assertion." Plaintiff's Motion almost exclusively cites to his own Complaint, and the statement of purportedly undisputed facts intersperses those facts with conclusory legal arguments.[33]

In *Munoz*, the plaintiff submitted thousands of pages of exhibits and documents to oppose summary judgment, without providing specific citations. There, both the district court and Tenth Circuit "decline[d] to search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury."[34] Although, here, Plaintiff is the moving party, the holding remains: each party bears the burden of citing with particularity to specific materials in the record to establish the existence or absence of disputed facts. Here,

---

[31] *Id*. (quoting *Adickes v. S.H. Kress & Co*., 389 U.S. 144, 160 (1970)).

[32] 221 F.3d 1160 (10th Cir. 2000).

[33] *See* Docket No. 61, at 2–9.

[34] *Munoz*, 221 F.3d at 1167 n.6 (quoting *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992)).

Plaintiff failed to comply with DUCivR 56-1(b)(1) or otherwise point the Court to a supporting factual record, and thus the Court need not sift through the record to find support for Plaintiff's factual allegations.[35] Further, allegations in a complaint are not evidence and evidence is what it required at the summary judgment stage.[36] The Court overrules the objections.

Plaintiff next argues that a court may not deny summary judgment on discovery grounds absent a Rule 56(d) declaration and cites *Price ex rel. Price v. Western Resources, Inc.*[37] However, the Court in *Price* concluded that "where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment *if it is otherwise appropriate*."[38] As discussed, Plaintiff failed to establish the absence of disputed facts and thus summary judgment would not otherwise be appropriate. The Court will overrule the objection.

Lastly, Plaintiff argues a later-filed Motion to Dismiss cannot retroactively defeat an earlier Motion for Summary Judgment. In the R&R, the Magistrate Judge explained that Defendants argued that the motion for summary judgment was premature in light of the forthcoming motion to dismiss.[39] However, other than identifying this argument, there is no

---

[35] *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1513 (10th Cir. 1990) (declining to sift through the appellate record where party "provides no citation to the record").

[36] *In re Jester*, No. BAP EO-15-002, 2015 WL 6389290, at *5 n.34 (B.A.P. 10th Cir. Oct. 22, 2015), *aff'd*, 656 F. App'x 425 (10th Cir. 2016) (quoting *Collins v. Jackson Pub. Sch. Dist.,* 609 Fed. Appx. 792, 795 (5th Cir.2015) ("Arguments in briefs, like allegations in a complaint, are assertions, not evidence.").

[37] 232 F.3d 779 (10th Cir. 2000).

[38] *Price*, 232 F.3d at 783–84 (emphasis added) (internal quotation marks and citation omitted).

[39] Docket No. 73, at 7.

indication that the Magistrate Judge denied Plaintiff's Motion on that basis. Further, as explained, the Court agrees with the Magistrate Judge's reasoning in denying the Motion for Summary Judgment.

For those reasons, the Court will overrule Plaintiff's objection.

*d. Objection to Deadline to Respond to Complaint*

Plaintiff objects to the deadline by which Defendants had to respond to Plaintiff's Complaint. Plaintiff argues that the December 29, 2025 deadline set by the Magistrate Judge was fabricated, and that Defendants' Motion to Dismiss was untimely. Plaintiff's objection stems from General Order 25-005 which stayed most cases in the District of Utah due to a lapse in federal appropriation, including this one.

On October 1, 2025, the Magistrate Judge granted Defendants' Motion for Extension of Time to Answer and extended the deadline to respond to Plaintiff's Complaint to November 5, 2025.[40] On October 6, 2025, this matter was stayed pursuant to General Order 25-005, which provided that all deadlines would be extended by a period commensurate with the duration of the lapse in appropriations, plus seven days. The lapse in appropriations began on October 1, 2025, and ended on November 13, 2025, a period of 43 days. Therefore, Defendants' November 5, 2025 deadline was extended by 50 days—43 days plus the additional seven days provided by General Order 25-005—to December 25, 2025. Because December 25 and 26 were federal holidays, followed by a weekend, Defendants' response to the Complaint was due on December 29, 2025.[41] Defendants filed their Motion to Dismiss on December 18, 2025. Accordingly, the Court finds that Defendants' Motion was timely and will overrule Plaintiff's objection.

---

[40] Docket No. 54.

[41] *See* Fed. R. Civ. P. 6(a)(1)(C).

*e. Objections to the Dismissal of Plaintiffs Quiet Title Claim*

Plaintiff objects to the dismissal of his QTA claim. Although lacking clarity, the Complaint plausibly raises four theories for his purported ownership of the canal road easement: express easement under the Farnsworth Patents; implied easement under the Homestead Act; implied easement by necessity; and ownership through R.S. 2477. The Magistrate Judge determined that Plaintiff failed to plausibly state a QTA claim under any theory. Plaintiff makes various arguments in support of his objection. The Court will address each in turn.

First, Plaintiff argues that the Magistrate Judge improperly found that Plaintiff failed to respond to Defendants' Motion to Dismiss with substantive arguments and used that as an independent ground to recommend dismissal. Plaintiff bears the burden to state a plausible claim for relief. The Magistrate Judge correctly concluded that Plaintiff failed that burden, and merely noted that Plaintiff's response to the Motion to Dismiss did not provide the Court with relevant substantive argument sufficient to convince the Court otherwise.

Second, Plaintiff argues that the Magistrate Judge improperly relied on certain case law in finding that the Farnsworth Patents did not convey an express easement. The Farnsworth Patent conveyed the land "with appurtenances thereof."[42] Relying on the common law assumption that a grantor intends to include in the conveyance whatever is necessary for the use and enjoyment of the land, Plaintiff argues that Farnsworth Patents also conveyed an implied easement by necessity.

However, unlike the common law rule, "[in] a public grant nothing passes by implication, and unless the grant is explicit with regard to the property conveyed, a construction will be

[42] Docket No. 1 ¶ 33.

adopted in which favors the sovereign rather than the grantee."[43] In other words, "unless a public grant explicitly conveys property, [the court] will construe the grant in favor of the government."[44] In one of the cases cited by the Magistrate Judge, *United States v. Jenks*,[45] a party raised the same argument that Plaintiff makes here.[46] There, the Tenth Circuit concluded that even if the access roads in which the plaintiff claimed an interest existed at the time of the conveyance, the language "with the appurtenances thereof" was insufficient to grant the defendant express easement over the access roads against the government.[47] Notwithstanding that the cited cases were decided at the summary judgment stage, the proposition that "with the appurtenances thereof" is insufficient to convey an easement against the government is applicable here. Accordingly, because Plaintiff does not produce evidence plausibly suggesting that the Farnsworth Patents intended to expressly convey an easement, the Court agrees with the Magistrate Judge.

Third, Plaintiff argues that the Magistrate Judge ignored allegations in the Complaint that the Canal Road "is a right of way . . . for ditches or canals . . . but has been since abandoned and is not a right of way for Plaintiff to travel through privately owned land."[48] Plaintiff contends this omission effectively rewrote his allegations to manufacture alternative access, thereby defeating necessity. However, the Magistrate Judge specifically notes in the R&R that "Plaintiff alleges

---

[43] *Albrecht v. United States*, 831 F.2d 196, 198 (10th Cir. 1987).

[44] *United States v. Jenks*, 129 F.3d 1348, 1355 (10th Cir. 1997); see *State of Utah v. Andrus*, 486 F. Supp. 995, 1001 (D. Utah 1979) ("[L]and grants by the federal government are construed strictly, and nothing is held to pass to the grantee except that which is specifically delineated in the instrument of conveyance.").

[45] 129 F.3d 1348 (10th Cir. 1997).

[46] *Id*. at 1335.

[47] *Id*.

[48] Docket No. 1 ¶ 30.

that Canal Road is not a right of way for Plaintiff to travel through private property."[49] Notwithstanding that allegation, Plaintiff also alleges and provides evidence that the Canal Road is a "Class D Road" which under Utah law, permits "usage by the public."[50] Accordingly, the Magistrate Judge did not fail to consider Plaintiff's allegations and was correct in concluding that Plaintiff failed to plausibly allege that the Canal Road is not usable.

Lastly, Plaintiff objects to the denial of his QTA claim on the grounds that the Magistrate Judge misinterpreted the Federal Land Policy and Management Act ("FLPMA") and failed to consider pre-1976 vestment of his interest under R.S. 2477. The Complaint pleads that Plaintiff could gain access to the Access Road if he agrees to participate in the Bureau of Land Management's ("BLM") right-of-way program,[51] which is authorized under the FLPMA. As noted by the Magistrate Judge, a statutory right of access under FLPMA "destroy[s] any easement by necessity."[52] Because the Complaint pleads the existence of a statutory right of access, the Court agrees with the Magistrate Judge that Plaintiff has failed to plausibly allege necessity.

Plaintiff further argues that because Lapoint Road, to which the Access Road connects, is an R.S. 2477 road with a right-of-way that vested prior to 1976, Plaintiff has a vested right to access it by way of the Access Road that cannot be destroyed by the FLPMA. R.S. 2477, which existed as part of the Mining Act of 1866, "authorized the states to construct highways over

---

[49] Docket No. 73, at 17 (citing Docket No. 1 ¶ 30).

[50] Utah Code Ann. § 73-3-105(1).

[51] Docket No. 1 ¶ 71.

[52] *Fitzgerald Living Tr. v. United States*, 460 F.3d 1259, 1267 (9th Cir. 2006) (citing *Jenks*, 129 F.3d at 1353–54).

public lands."[53] The FLPMA repealed R.S. 2477 and required that new rights-of-way go through the processes established therein. However, the FLPMA did not terminate valid rights-of-way that vested prior to its enactment in 1976.[54]

Contrary to Plaintiff's contentions, the Magistrate Judge did consider this argument and correctly concluded that Plaintiff failed to plausibly state a claim under the QTA with this theory. In *Kinscherff v. United States*,[55] the Tenth Circuit determined that "[m]embers of the public . . . do not have 'title' in public roads" and thus an interest under R.S. 2477 "is not an interest in real property contemplated by [the QTA]" because any interests created thereunder "vested in the public generally."[56] Therefore, Plaintiff has not plausibly alleged an interest in the Lapoint Road that would give rise to a right-of-way access as an adjoining landowner.

For the reasons stated above, the Court will overrule Plaintiff's objections.

*f. Objections to the Recommended Dismissal of the RICO Claim*

The Complaint asserts violations of Fifth Amendment Due Process, Fifth Amendment Takings, and Fourth Amendment protection against unreasonable searches and seizures. Under each respective claim, Plaintiff states he brings the actions "pursuant 18 U.S.C. § 1964," a provision of the RICO Act.[57] Because the Complaint also alleges Defendants' conduct violated the above-stated constitutional provisions, Defendants construed the Complaint as asserting

---

[53] *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1077 (9th Cir. 2010) (emphasis omitted); *see also* 43 U.S.C. § 932, *repealed by* Federal Land Policy and Management Act (FLPMA), Pub. L. 94-579, § 706(a), 90 Stat. 2743, 2793 (1976) ("The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.").

[54] 43 U.S.C. § 1769(a).

[55] 586 F.2d 159 (10th Cir. 1978).

[56] *Id.* at 160.

[57] Docket No. 1 ¶¶ 68, 82, 86.

constitutional claims independent of RICO. In his Response, however, Plaintiff unambiguously asserts that "Plaintiff does not plead any Bivens counts and does not ask the Court to imply a new constitutional damages remedy. He pleads his Fourth and Fifth Amendment allegations as part of his RICO cause of action."[58] Based on that representation, the Magistrate Judge considered the constitutional claims under RICO.

Plaintiff now objects to the constitutional allegations being considered under RICO and argues that the Complaint alleges "three independent jurisdictional bases[:]" 28 U.S.C. §§ 1331, 1343, 2409, and 18 U.S.C. § 1964.[59] Plaintiff also argues that the Magistrate Judge failed to rule on the Bivens claim. Plaintiff incorrectly conflates statutes conferring jurisdiction with statutes providing a cause of action. The only valid cause of action asserted is under § 1964, while the rest confer jurisdiction.[60] Given Plaintiff's unambiguous representation in his Response, and failure to plead his claims under a valid cause of action, the Court will not consider Plaintiff's constitutional claims separately and will overrule the objection.

Plaintiff also objects on the grounds that the Magistrate Judge resolved Plaintiff's claims against the individual defendants in their personal capacities on immunity grounds. This assertion is false. The Magistrate Judge correctly concluded that immunity applied to the

---

[58] Docket No. 69, at 12–13 ("Defendants may not rewrite Plaintiff's express statutory RICO claim . . . [because] Rule 12(b)(6) requires them to address the claim Plaintiff actually plead—RICO under § 1964."); *see* Docket No. 74, at 15 (complaining that the Magistrate Judge "rewr[ote] the case into a Tucker Act/Bivens suit Plaintiff never filed"). *Bivens* is a judicially created cause of action permitting civil suits for money damages against individual federal officers for unreasonable searches and seizures in violation of the Fourth Amendment. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[59] Docket No. 74, at 12.

[60] *See e.g.*, 28 U.S.C. § 1343(a) ("The district courts shall have original jurisdiction of any civil action *authorized by law* to be commenced by any person.") (emphasis added).

individual defendants in their official capacities.[61] Regarding the individual defendants in their personal capacities, the Magistrate Judge concluded that Plaintiff failed to sufficiently plead predicate acts required to state a claim under RICO.[62] For the reasons stated by the Magistrate Judge, the Court agrees with the Magistrate Judge's findings.

Plaintiff also contends that the record proves predicate acts based on violations of the Hobbs Act. He argues that Defendants' insistence that Plaintiff follow a formal process to request a right of way, including the payment of a fee constituted "robbery" and "extortion" as defined therein. Plaintiff's objections have not convinced the Court that there was any error in the Magistrate Judge's analysis. For the reasons explained by the Magistrate Judge, the Court agrees that Defendant failed to sufficiently plead its RICO claim and will overrule the objections.

Lastly, Plaintiff objects on the grounds that the Magistrate Judge did not consider whether Defendants have qualified immunity. The Court agrees with the Magistrate Judge's reasoning and conclusion that Plaintiff failed to state a claim under RICO. Thus, it was unnecessary to address that issue.

For the above-discussed reasons, the Court will overrule Plaintiff's objections. Having otherwise reviewed the relevant record, the Court agrees with the analysis and subsequent findings in the Magistrate Judge's Report and Recommendation and will therefore adopt it in full.

//

---

[61] Docket No. 73, at 22–23; *see Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.") (citation omitted).

[62] *Id*. at 27.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Accept Objections as Timely Filed (Docket No. 75) is GRANTED. It is further

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 73) is ADOPTED in full. It is further

ORDERED that Defendants' Motion to Dismiss (Docket No. 63) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 61) is DENIED. It is further

ORDERED that Plaintiff has thirty (30) days from the date of this Order to file an amended complaint.

DATED September 29, 2026.

BY THE COURT:

District Court Judge
Ted Stewart